**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JASMINE REED,

                Plaintiff,

        v.

EQUIFAX INFORMATION
SERVICES, LLC,

                Defendant.

No. 26 C 5535

Judge John F. Kness

**MEMORANDUM OPINION AND ORDER**

In this case concerning an alleged violation of the Fair Credit Reporting Act, Plaintiff Jasmine Reed, who resides in Chicago (Dkt. 1 ¶ 14), seeks leave for her counsel, Landon T. Maxwell, to appear by remote means at the initial status hearing scheduled for August 4, 2026. (*See* Dkt. 15.) Because the Court will, by separate order, strike the August 4 hearing and ask the Executive Committee to refer the case to Magistrate Judge Fuentes for the supervision of discovery, Plaintiff's motion is denied as moot. But because Mr. Maxwell's request is both misguided and reflective of a broader trend among the bar, the motion deserves further examination.

Mr. Maxwell writes that his office "is located in the state of Arizona, therefore, counsel would have to make flight arrangements to attend the hearing. Because this option would place an undue burden on Plaintiff's counsel, Plaintiff respectfully requests leave to allow her co-counsel to attend the Initial Status Hearing by

telephone, or in the alternative, to continue the Initial Status Hearing to a later date." (Dkt. 15 at 1.) As an initial matter, the reference to "co-counsel" is puzzling, as Mr. Maxwell is the only lawyer for Plaintiff with an appearance on file. If Mr. Maxwell is referring to some other person who also represents Plaintiff, he should make that clear by instructing his co-counsel to file a separate appearance form.

That issue aside, the assertion that appearing physically at the courthouse in Chicago would "place an undue burden" on counsel is fundamentally troubling. It has been my observation that, as an apparent and unfortunate by-product of the COVID-19 pandemic era, as well as the prevalence of remote communications means, too many lawyers now view appearing physically in court as a "burden." This is so whether the lawyer is located in Sheboygan, Schaumburg, or even downtown Chicago.

Lawyers should be eager to appear in court, not the other way around. There are many reasons why. Based on my observations, in-person hearings facilitate better communication (no cross-talk, muffled connections, dropped calls, dogs barking in the background, etc.), which also helps the quality of the stenographic record; encourage greater professionalism, formality, candor, and civility; permit counsel and judge to become better acquainted; and help cases to move forward more efficiently by enabling unplanned and informal but highly beneficial hallway discussions between counsel (and sometimes parties). Those benefits cut against Mr. Maxwell's blithe assurance that permitting him to appear remotely "will not hamper the efficient

2

running of the hearing." (Dkt. 15 at 2.) Remote appearances are too often the bane of efficiency.

But even if the benefits of in-person hearings were not so obvious, something else is: Mr. Maxwell chose to take on this representation and to file a case in the Northern District of Illinois. Recall that Plaintiff is a citizen of Illinois and apparently resides in this District. It is not a stretch to assume that Plaintiff could have found a capable and reputable lawyer in or near this District. It is of course Plaintiff's right to retain whomever she wishes, provided that her chosen representative is otherwise permitted to practice here. But choices come with consequences, and both Plaintiff and Mr. Maxwell should have assumed that in-person appearances in this District would be required of counsel. If that eventuality was too daunting, then one of two things should have happened: either Mr. Maxwell should have declined the representation, or Plaintiff should have chosen another lawyer.

More broadly, it would be unwise to turn the discretionary authority[1] of judges to allow occasional remote appearances for the sake of convenience into an assumed right of lawyers and litigants never to appear in the court where they choose to

---

[1] *See, e.g.*, L.R. 16.2 (Pretrial Conferences and Status Hearings) ("At the discretion of the court[,] pretrial conferences or status hearings held pursuant to Fed.R.Civ.P. 16(a) *may be* conducted by telephone or other appropriate means.") (emphasis added). It seems sensible to assume from that permissive language that the converse—requiring in-person appearances by counsel—is also true. Indeed, the principle that a court can require a lawyer to appear in person would seem, to steal a line from Justice Story, a "proposition too clear to render any reasoning necessary in support of it." 3 Joseph Story, *Commentaries on the Constitution of the United States* § 1838, at 702 (Boston, Hilliard, Gray, & Co. 1833). Even so, courts of review regularly affirm the discretion of trial courts to conduct otherwise-lawful proceedings in the manner they deem most effective. *See, e.g., Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (district court's refusal to allow remote testimony by witnesses not an abuse of discretion).

3

litigate. Appearing remotely for a status hearing of lesser consequence can make sense, as I recognize and frequently allow. But there are other hearings for which in-person appearances are more appropriate; an initial status hearing in a newly-filed case is but one example. There are many others, and the criteria for when to require an in-person hearing are as varied and numerous as the burdens on judges with limited time of having to explain why they have elected to hold an in-person hearing in the first place. Judges should not have to do so—shouldn't have to tussle with lawyers who don't want to trek to the courthouse because it is a "burden." It should be sufficient for a presiding judicial officer merely to state that an in-person appearance is required of counsel who chose freely to join a case in this District.

In view of the foregoing, counsel for Plaintiff is advised that future requests to appear remotely based solely on the asserted "burden" of an in-court appearance are subject to summary denial.

SO ORDERED in No. 26 C 5535.

Date: July 31, 2026

_____
JOHN F. KNESS
United States District Judge